ANN CLARK AND ELIZABETH CLARK, admr's d. b. n. of
RICHARD CLARK, dec'd.

*vs.*

MARY KEAN, MATTHEW KEAN AND JOHN STOCKTON, admr's
of THOMAS KEAN AND GEORGE READ.

*New Castle, April T.* 1820.

The affirmance of a decree of the Chancellor by the High Court of Errors
and Appeals, upon an equal division of that court, is of the same
effect as a judgment of affirmance under ordinary circumstances.

BILL FOR AN ACCOUNT.—In this case there had been a
decree for an account, with an interlocutory order for the
filing of an account by the defendants, on or before a cer-
tain day.    An appeal was taken, in which the High Court
of Errors and Appeals, being equally divided upon the
question of affirming the decree of the Chancellor, entered
the following judgment, viz :

" June 19, 1819.    This cause was argued by the counsel
" on both sides and held under *curia advisare vult.*   And
" now, to wit, this· first day of December in the year of
" our Lord one thousand eight hundred and nineteen, this
" court being equally divided,—It is ordered and decreed
" by the Court, that the decree of the Chancellor in the
" Court below be in all things affirmed, and that the appeal
" be dismissed; and that the record be remanded to the
" Court below."

The judgment of the High Court of Errors and Appeals
was brought into and recorded in this court.    Thereupon,
*Mr. Rogers,* for the complainant, moved for·another order
for taking an account, in accordance with the decree here-
tofore made, the time limited in the original interlocutory
order for the account having expired pending the appeal.

*Rodney,* for the defendants, objected.—He insisted that the Court, on the appeal, being equally divided, the whole matter of the interlocutory order was left open for investigation in this court; and he proceeded to argue that the order was erroneous, it having been made upon the overruling of the defendants' plea of the Act of Limitations, whereas the order upon the overruling of such plea, ought to have been that the defendants answer, or that the plea stand for an answer with leave to except; and he cited to this point, *Barton's Bill in Equity* 113 : *Blake's Chanc. Prac.* 117 : 3 *Johns. Ch. R.* 384 : 1 *Vern.* 185 : 3 *P. W.* 143 : 4 *Price's Exch. R.* 103 : 1 *Peters' S. C. R.* 356, 362, 363.

RIDGELY, CHANCELLOR.—The High Court of Errors and Appeals have rendered a decree, that the decree of this court shall be in all things affirmed. Therefore, there can be no inquiry into the subject matter of the decree of this court. That is now the decree of the High Court of Errors and Appeals, and if I were to alter or annul it I should reverse the judgment of that court. By what means the Court arrived at the judgment it is immaterial to inquire. The legal effect of that judgment is conclusive. That Court could not have rendered any other judgment than such as they did; for it is only where a judgment or decree is reversed, that that court shall render or pass such judgment or decree as this court below should have rendered or passed. In *Pratt and Kirtzing vs. Bredon and Kirk,* the time limited for filing the accounts had expired, and there we made such an order as Mr. Rogers now moves for.

Mr. Read then prayed an appeal, which the Chancellor refused to allow but entered the prayer and the refusal.